People v Holmes (2023 NY Slip Op 03551)

People v Holmes

2023 NY Slip Op 03551

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Higgitt, JJ. 

Ind. No. 428/14 Appeal No. 580-581 Case No. 2019-04622 

[*1]The People of the State of New York, Respondent,
v
Darnell Holmes, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Rafael Curbelo of counsel), for respondent.

Order, Supreme Court, Bronx County (James A. McCarty, J.), entered on or about
August 21, 2020, which denied defendant's CPL 440.20 motion to set aside his sentence,
unanimously affirmed.
Defendant's claim that his sentence is unconstitutional under the Eighth Amendment because his asthma allegedly places him at a high risk of serious illness or death in the event that he is infected with COVID-19, and because he is allegedly under a high risk of being infected while incarcerated, is moot because he completed the prison component of his sentence (see People v Beltran, 165 AD3d 565, 565 [1st Dept 2018]). There is no basis for applying the exception to the mootness doctrine (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). To the extent that defendant nevertheless argues that this appeal is not moot because he would be under the same alleged risks if reincarcerated on the underlying judgment during his remaining months of postrelease supervision, we find that, even if the appeal is not moot, defendant has not established that his sentence is unconstitutional. We decline to address any other issues. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023